Filing # 76421323 E-Filed 08/14/2018 02:12:20 PM

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO.: 2018-CA-5550
DIVISION: CV-F

KRISTEN MASOUDIPOYA,

    Plaintiff,

vs.

PIVOTAL PAYMENTS, INC., d/b/a
CAPITAL PROCESSING NETWORK,
    Serve On:
    Corporation Service Company
    1201 Hays Street
    Tallahassee, FL 32301

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for injunctive relief and damages in excess of $15,000.00 by an individual consumer, KRISTEN MASOUDIPOYA, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, by Defendant, PIVOTAL PAYMENTS, INC. d/b/a CAPITAL PROCESSING NETWORK ("PIVOTAL"). Fundamentally, this case is about the Defendant's refusal to respect Ms. Masoudipoya's personal and legal rights by repeatedly contacting Ms. Masoudipoya's cellular telephone with telemarketing robocalls.


## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to Fla. Stat. § 26.012 and 47 U.S.C. § 227(b)(3). Venue in this County is proper in that Plaintiff resides here and the violations committed by Defendant occurred here.

## III. PARTIES

3. Plaintiff, KRISTEN MASOUDIPOYA, is a natural person, and citizen of the State of Florida. Ms. Masoudipoya is a "person" as defined by the TCPA, 47 U.S.C. § 227(a)(2)(A).

4. Defendant, PIVOTAL, whose principal address is located at 5000 Legacy Dr., Suite 320, Plano, TX 75024, is a "leading provider of technology-driven global payment processing solutions for small to large enterprises in the point-of-sale, B2B and e-commerce industries." See http://www.pivotalpayments.com/about-us/pivotal-payments (last visited August 14, 2018).

5. PIVOTAL "deliver[s] the best payment acceptance strategies" to its clients by operating "multiple divisions dedicated to specific industry segments." Id.

6. One such division is CAPITAL PROCESSING NETWORK ("CPN"), which PIVOTAL acquired in 2014. See http://www.pivotalpayments.com/press-release/pivotal-payments-acquires-key-assets-capital-processing-network-llc (last visited August 14, 2018). PIVOTAL frequently does business as CPN throughout Florida.

## IV. BACKGROUND

7. Plaintiff, at all times pertinent hereto, has not been engaged in running a business and has not had any need, whatsoever, for any payment processing solutions for small or large businesses.

8. Furthermore, Plaintiff has never been a customer of PIVOTAL, has never desired to be a customer of PIVOTAL, and has never requested any information from any company, let

alone PIVOTAL, on using a payment processing solution service, such as those provided by PIVOTAL.

9. Despite Plaintiff's status as an individual who was not in need of any payment processing services PIVOTAL, either directly or by and through its agent(s) or affiliated companies, willfully communicated with Plaintiff by means of at least nineteen (19) telephone calls to Plaintiff's cellular telephone between April 15, 2016 and September 2, 2016.

10. The telephone calls made by PIVOTAL, or on PIVOTAL's behalf, to Ms. Masoudipoya's cellular telephone between April 15, 2016 and September 2, 2016 were willfully or knowingly made using an "automatic telephone dialing system" ("ATDS") as defined by the TCPA, 47 U.S.C. § 227(a)(1).

11. The ATDS used to make the calls listed above has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator.

12. Upon information and belief, the telephone system utilized by, or on behalf of, PIVOTAL, to call Ms. Masoudipoya's cellular telephone operates as a predictive dialer.

13. For example, on August 1, 2016 at 5:34 P.M. Plaintiff received a telemarketing call to Plaintiff's cellular telephone from, or on behalf of, PIVOTAL.

14. When Ms. Masoudipoya was able to answer the August 1, 2016 telephone call there was a pause after Ms. Masoudipoya answered before any sounds came on the line.

15. Following the lengthy pause and extended silence, a prerecorded message played indicating that the call was being made to market credit card processing services.

16. The telephone calls listed in Table 1 were not made for emergency purposes as detailed by the TCPA, 47 U.S.C. § 227(b)(1)(A)(i).

17. The telephone calls listed in Table 1 were placed to Ms. Masoudipoya's cellular telephone for which Ms. Masoudipoya incurs a charge for incoming calls as detailed by the TCPA, 47 U.S.C. § 227(b)(1).

18. PIVOTAL did not have Ms. Masoudipoya's prior, unrevoked consent to contact Ms. Masoudipoya's cellular telephone.

19. Furthermore, the Federal Communication Commission (the "FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, has ordered that

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

<u>In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 27 F.C.C. Rcd. 1830, 1844 (2012).

20. At no time did Ms. Masoudipoya provide the written consent to receive telemarketing robocalls from PIVOTAL or any of PIVOTAL's "divisions," as contemplated by the FCC.

21. PIVOTAL's harassing, robocalling telemarketing activity resulted in Ms. Masoudipoya suffering emotional and mental distress, loss of sleep, frustration, and embarrassment, and caused strains in Ms. Masoudipoya's familial and business relationships.

## V. COUNT I – UNLAWFUL USE OF TELEPHONE EQUIPMENT BY PIVOTAL PAYMENTS, INC. d/b/a CAPITAL PROCESSING NETWORK

22. Plaintiff incorporates by reference paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21 of this Complaint.

23. PIVOTAL, either directly or by and through its affiliates, agents, and/or other entities acting on PIVOTAL's behalf willfully and knowingly placed non-emergency telephone calls to Ms. Masoudipoya's cellular telephone using an automated telephone dialing system without Ms. Masoudipoya's prior, unrevoked consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, PIVOTAL PAYMENTS, INC. d/b/a CAPITAL PROCESSING NETWORK, for:

a. Damages pursuant to 47 U.S.C. § 227(b)(3);

b. Treble damages pursuant to 47 U.S.C. § 227(b)(3)(C);

b. Injunctive relief; and

c. Such other and further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury on all claims so triable.

/s/ Ryan G. Moore
Ryan G. Moore, Fla. Bar No.: 70038
First Coast Consumer Law
340 Third Avenue South, Suite A
Jacksonville Beach, FL, 32250-6767
P: (904) 242-7070 F: (904) 242-7054
e-service: pleadings@firstcoastconsumerlaw.com
*Attorney for Plaintiff*